IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALBILDA BERROCAL,** *et al* : | **CIVIL ACTION** |
| : | |
| v. : | |
| : | **NO. 16-1797** |
| **ACME MARKETS, INC.** : | |

**KEARNEY, J.**                                                                                            November 18, 2016

## MEMORANDUM

Albilda and Luis Berrocal seek damages for alleged injuries after Mrs. Berrocal slipped on blueberries on the floor of the checkout line in an Acme Market. Mrs. Berrocal commented upon blueberries on the floor, avoided them the first time through the line but, when returning to the checkout line to pay for her groceries moments later, allegedly forgot they were there and slipped on their residue. Acme owes its customers the duty of care to prevent foreseeable harm as the result of dangerous conditions in its stores. But when a condition is known and obvious, it is excused as a matter of law from liability. As we find the wetness caused by the dropped blueberries created a known and obvious condition, we grant Acme's Motion for summary judgment in the accompanying Order.

**I.      Facts**

While checking out at Acme, and after putting a number of items onto the conveyer belt, Mrs. Berrocal turned away, and when she turned back, observed a carton of blueberries spilled onto the floor.[1] She stated, "[o]h, my God. The blueberries are on the floor" and began picking them up, but did not "pick all of them up."[2] Mrs. Berrocal stated she only "pick [sic] the ones that were in the front so I could walk to the side so I can pack my stuff."[3] Mrs. Berrocal then

handed the empty carton to the cashier and walked to the front of conveyor belt to bag her groceries.[4] Five and a half minutes later, Mrs. Berrocal returned to the cash register to pay for her groceries, where she slipped on the remaining blueberries left on the floor.[5] Mrs. Berrocal suffered numerous injuries to her shoulder and mouth as a result of her fall, and brings this lawsuit as a result.

## II.    Analysis

After removing this case from the state court and discovery, Acme moves for summary judgment arguing Mrs. Berrocal's injuries arise from a slip and fall on a known and obvious condition, excusing its liability.   We agree.

"A possessor of land owes a general duty to protect an invitee from foreseeable harm."[6] "The possessor owes a duty to invitees to protect against known dangers and also those dangers that the possessor may discover through the exercise of reasonable care."[7] However, "a possessor of land is not liable to invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."[8]

"A danger is deemed to be 'obvious' when 'both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising normal perception, intelligence, and judgment.'"[9]

"For a danger to be 'known,' it must 'not only be known to exist, but . . . also be recognized that it is dangerous and the probability and gravity of the threatened harm must be appreciated.'"[10] Traditionally, whether a dangerous condition is known and obvious is a question of fact to be left to a jury.  But when, as here, "reasonable minds could not differ as to the

conclusion," we may decide whether the blueberries on the floor is a known and obvious condition.[11]

In *Carrender*, plaintiff drove to her doctor's office for a consult, and parked her car in the lot outside the office.[12] After opening the car door, and before stepping outside, plaintiff noticed a large patch of ice located between her car and the entrance to the office.[13] Although knowing other parking spaces were available, which would allow an alternate route to the office, plaintiff chose to walk on the ice while appreciating its dangerous condition.[14] When later returning to her car after visiting her doctor, plaintiff again chose to walk on ice back to her car, however this time she fell and injured her hip.[15] The Pennsylvania Supreme Court held the danger faced by plaintiff was known and obvious, and defendants owed her no duty of care.[16] Further, the court held "[the doctor] could have reasonably expected that the danger would be avoided" and "[plaintiff] and other invitees would recognize the danger posed by the ice and choose to park in another, ice-free space to avoid it."[17]

In *Graham v. Moran Foods, Inc.*, plaintiff tripped and fell over a pallet on a supermarket floor.[18] While trying to make room for another customer in the aisle, plaintiff took "four or five steps" backwards without checking for obstructions, tripped, and fell into a pallet "stacked with cases of canned food at different heights."[19] Before her fall, plaintiff walked by this same pallet while shopping and viewing items.[20] Granting summary judgment for the defendant market, the court held: ". . . reasonable minds could not differ in the conclusion that the pallet was a known or obvious condition. Plaintiff walked by the pallet before she tripped over it in an attempt to back out of the way of another customer. Although Plaintiff did not have the subjective knowledge of the dangerous condition prior to her fall as did the patient in *Carrender,* a reasonable person in Plaintiff's position, exercising normal perception, would have observed the

pallet and merchandise and the potential tripping hazard they created."[21] The court rejected an argument suggesting sale signs within the store distracted her because "sale signs and displays do not alleviate Plaintiff's obligation to watch for obstacles and hazards."[22]

A fair comparison is presented in *Lissner v. Wal-Mart Stores E., L.P.* where plaintiff's "foot caught on a small-diameter vertical post . . . causing her to fall and sustain injuries" after reaching into the rear of a refrigerator to retrieve a package of butter.[23] In denying defendant's motion for summary judgment, the court held "[plaintiff] never admitted she saw the vertical post which she tripped over on this or any prior shopping trip" and "there is no basis to establish that plaintiff was aware of the danger posed by the vertical post."[24] Further, "the location of the post precludes a determination that any tripping hazard it created was obvious as a matter of law."[25] These questions of fact dictated "reasonable minds can differ as to the obviousness of the hazard presented by the vertical support post. Accordingly, questions of fact remain for the jury."[26]

After reviewing the record, with all reasonable inferences in the Berrocals' favor, we find reasonable minds could not disagree Mrs. Berrocal knew the spilled blueberries presented a known and obvious condition. After noticing the blueberries on the ground, she proclaimed "[o]h, my God. The blueberries are on the floor," and then handed the cashier an empty blueberry carton.[27] Mrs. Berrocal recognized this dangerous condition and personally began to pick up the blueberries before walking to the end of the checkout line to bag her groceries.[28] She knew she did not pick up all the blueberries and some remained on the floor.[29]

As Mrs. Berrocal commented, the spilled blueberries were obvious.  A reasonable individual exercising normal perception, intelligence, and judgment would know a pile of blueberries presented a risk of slipping: "a risk does not overcome a customer's responsibility to

avoid the known and obvious dangers present upon exiting a grocery store aisle."[30] Mrs. Berrocal's argument she forgot about the blueberries is unavailing. "A Plaintiff is not relieved from her burden of exercising ordinary care because she failed to observe and avoid an obvious condition by not looking behind her before taking steps backwards."[31] The court in *Campisi* held similarly: "However, just as drivers are not relieved of responsibility for accidents if they are distracted by billboards, customers are not relieved of the responsibility of watching for obstacles while they walk, even if they are distracted by sales displays."[32] Mrs. Berrocal's claim of absentmindedness does not excuse her of the duty to exercise ordinary care. Further, Mrs. Berrocal admits had she looked down and exercised ordinary care, she most certainly would have seen the blueberries because "[o]h, yeah. I'm not blind."[33]

Unlike the plaintiff in *Lissner*, who testified she never saw the vertical post before tripping over it, Mrs. Berrocal testified she saw and knew the blueberries were on the floor multiple times, attempted to pick them up, and alerted the cashier to their presence. Similar to *Graham*, a reasonable person in Mrs. Berrocal's position, exercising normal perception, would have observed the pile of blueberries on the floor and the potential slipping hazard and condition they presented.

Mrs. Berrocal argues "the cashier did not follow ACME policy in handling spills."[34] This argument presumes the blueberries were not a known and obvious condition. Normally, a possessor of land owes a duty to business invitee to protect them from a foreseeable harm.[35] As in *Carrender* and *Graham,* a possessor of land owes no duty when the condition is known and obvious, whether the condition is a patch of ice, a pallet of supermarket items, or a pile of spilled blueberries. Where reasonable minds could not disagree a condition on the land is known and obvious, a store policy concerning procedures in these circumstances is immaterial to our

analysis. Similar to the ice patch in *Carrender*, Acme is not liable for the harm caused by the known and obvious condition presented by the pile of blueberries on the floor, which Mrs. Berrocal testified multiple times she knew were there.

### III. Conclusion

As a matter of law, the blueberries were a known and obvious condition which Mrs. Berrocal failed to avoid by exercising ordinary care. Acme did not owe Mrs. Berrocal a duty. We grant Acme's motion for summary judgment in the accompanying Order.

---

[1] *Id*. at 88:11-88:16.

[2] *Id*. at 88:17-88:22.

[3] *Id*. at 128:4-128:7.

[4] *Id*. at 88:1-88:24.

[5] *Id*. at 127:6-127:22.

[6] Restatement (Second) of Torts § 341A (1965).

[7] *Id.*

[8] Restatement (Second) of Torts § 343A (1965).

[9] *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983).

[10] *Id*.

[11] *Id.* at 185-86.

[12] *Carrender*, 469 A.2d at 121.

[13] *Id.* at 122.

---

[14] *Id.*

[15] *Id.*

[16] *Id.* at 123-25 ("Appellee's own testimony showed not only that the existence of the ice was obvious to a reasonably attentive invitee, but also that appellee herself was aware of the ice and appreciated the risk of traversing it. Before alighting from her vehicle, appellee knew both that a sheet of ice lay next to the driver's side of the parking space which she had selected and that this condition presented a danger").

[17] *Id*. at 124.

[18] No. 11-239, 2012 WL 1808952, at *1 (E.D. Pa. May 18, 2012).

[19] *Id.*

[20] *Id.*

[21] *Id*. at *4.

[22] *Id*.

[23] No. 07-414, 2009 WL 499462, at *1 (W.D. Pa. Feb. 27, 2009).

[24] *Id*. at 3.

[25] *Id.*

[26] *Id.*

[27] ECF Doc. No. 15 (Berrocal Dep. 88:11-89:19).

[28] *Id*.

[29] ECF Doc. No. 15 (Berrocal Dep. 128:4-128:7).

[30] *Campisi v. Acme Markets, Inc*., 915 A.2d 117, 121 (Pa. Super. 2006).

[31] *Graham*, 2012 WL 1808952 at *5.

[32] *Campisi*, 915 A.2d at 121.

[33] ECF Doc. No. 15 (Berrocal Dep. 134:22-135:1).

[34] ECF Doc. No. 16.

[35] Restatement (Second) of Torts § 341A (1965).